IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY FRANCOMANO

    Plaintiff,

vs.                                                       Civ. No. 98-172 JC\LCS

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Proposed Findings

1. This matter comes before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing, filed November 2, 1998. The Commissioner denied Plaintiff's request for disability insurance benefits. Plaintiff alleges a disability due to hearing loss, tinnitus[1], fatigue, irritability, and inability to concentrate.

2. The Commissioner denied Plaintiff's application for benefits both initially and on reconsideration. After conducting an administrative hearing, the Commissioner's administrative law judge (ALJ) likewise denied the application. The Appeals Council did not review the ALJ's decision, thus the final decision of the Commissioner is the ALJ's decision. Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. §405(g).

---

[1]Tinnitus is a noise such as ringing in the ears. *Stedman's Medical Dictionary* at 1816 (26th ed. 1995).

3. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. **Thompson v. Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993)(citations omitted). Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. **Id**. (citation omitted).

4. Plaintiff raises the following allegations of error with respect to the ALJ's decision: 1) the ALJ's finding that the Plaintiff's work attempts are evidence of no disability is contrary to the law; 2) the ALJ improperly utilized Dr. Wasylenki's[2] opinion that the Plaintiff should retire early or seek disability benefits; 3) the ALJ's credibility finding is not supported by substantial evidence and is also contrary to the law; and 4) the ALJ's conclusion that the Plaintiff can return to his past relevant work as a teacher is not supported by substantial evidence and is contrary to the law.

5. "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." **Id**. at 1486 (citing 42 U.S.C. §423 (d)(1)(A)). To determine disability, the Commissioner has established a five step sequential evaluation process. **Id**. The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled. **Id**. (citations omitted). Step four of the sequential evaluation process is at issue in this case. At step four, the claimant must demonstrate that his residual functional capacity (RFC) does not permit him to return to his past relevant work. 20 C.F.R. §404.1520(e).

---

[2] Dr. Wayslenki is Plaintiff's treating physician and has cared for the Plaintiff's ear problem.

6. The Plaintiff argues that the ALJ erred when he relied on the fact that the Plaintiff engaged in post-onset work to support his finding that the Plaintiff can return to his past relevant work as teacher. Specifically, the Plaintiff argues that the ALJ erred in considering the Plaintiff's post-onset work as a substitute teacher [3] as well as his approximately last two years as a full-time teacher. An RFC assessment must be based on all relevant evidence including "evidence from attempts to work." Soc. Sec. Ruling 96-8p. *See also Bendt v. Chater*, 940 F. Supp. 1427, 1432 (S.D. Iowa 1996)(citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)); *Orrick v. Sullivan*, 966 F.2d 368, 370 (8th Cir. 1992). The ALJ, in this case, accurately described the Plaintiff's substitute teacher work as consisting of six to seven hour work days performed once or twice a week. Tr. 13-14. *See also* Tr. 172, 185. Consequently, the ALJ did not err when he considered the Plaintiff's work as a substitute teacher in making an RFC determination.

7. The Plaintiff also argues that the ALJ improperly relied on the fact that the Plaintiff continued to work as a full-time teacher for approximately two years after Dr. Wayslenki recommended that he retire early or seek disability benefits due to the tinnitus. Tr. 15, 111. "[T]he fact that an impaired claimant attempts to work at what could be construed as substantial gainful employment does not demonstrate that a claimant successfully does so and is not disabled." *Jozefowicz v. Heckler*, 811 F.2d 1352, 1357 (10th Cir. 1987). In this case, the evidence indicates that the Plaintiff missed approximately six weeks of work in that two year period due to the effects of the tinnitus. Tr. 142. The Plaintiff also testified that he left his regular teaching job

---

[3]The Plaintiff also argues that the ALJ should have determined whether the substitute teaching was substantial gainful activity. The ALJ, however, impliedly concludes that the substitute teaching was not substantial gainful activity by advancing to step four of the sequential evaluation process. Tr. 13.

3

because of fatigue from lack of sleep caused by the tinnitus. Tr. 187. The ALJ's reliance on the Plaintiff's attempt to continue teaching full-time as evidence of nondisability is not, therefore, supported by substantial evidence and constitutes error.

8. The Plaintiff further contends that the ALJ erred by ignoring Dr. Wayslenki's suggestion that the Plaintiff retire early or obtain disability benefits. A treating physician's opinion must be given substantial weight unless good cause is shown to disregard it. *Goatcher v. United States Dep't of Health & Hum. Serv.*, 52 F.3d 288, 289 (10th Cir. 1995) (citing *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987)). Dr. Wayslenki stated that the tinnitus "made it difficult for Mr. Francomano to continue in his occupation of classroom teaching. Two years ago, I had discussed with him the serious consideration of either early retirement or disability, since these symptoms made it difficult for him to continue his duties in the classroom." Tr. 111. The ALJ mentions in his decision that Dr. Wayslenki raised the issue of disability retirement. Tr. 15. The ALJ then impliedly rejects Dr. Wayslenki's suggestions by noting that the Plaintiff continued to work full-time for approximately two years, worked as a substitute teacher, and has a stable medical condition. *Id*.

9. The ALJ's grounds for rejecting Dr. Waylenki's comments do not constitute good cause for several reasons. As discussed, *supra*, the quality of the Plaintiff's full-time work suffered because he missed six weeks of work during the approximately last two years of full-time teaching and suffered from daily fatigue at work. Moreover, the substitute teaching position is only part-time and not considered substantial gainful activity. Additionally, a stable medical condition does not necessarily contradict Dr. Wayslenki's opinion regarding early retirement and disability benefits. Accordingly, I find that the ALJ erred by not giving Dr. Wayslenki's opinion

4

the substantial weight it deserves.

10. Next, the Plaintiff asserts that the ALJ improperly concluded that the Plaintiff is not credible. Ordinarily, the courts defer to the ALJ on the issue of credibility. *Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993). That deference is not, however, absolute. *Id*. Credibility determinations must nonetheless be supported by substantial evidence. *Id*. As the Plaintiff correctly notes, the ALJ did not consider the fact that the Plaintiff worked as a teacher for approximately 20 years before taking early retirement or the fact that the Plaintiff took out a second mortgage so that he could retire early. Tr. 143, 171. In addition, Dr. Wayslenki's opinion adds rather than detracts from the Plaintiff's credibility. As already discussed, *supra*, the Plaintiff's part-time work as a substitute teacher and the circumstances surrounding the Plaintiff's last years of full-time teaching do not necessarily indicate that the Plaintiff is not credible. I, therefore, find that the ALJ did not support with substantial evidence his finding that the Plaintiff is not credible.

11. The Plaintiff argues lastly that the ALJ did not properly make his step four determination that the Plaintiff can return to his past relevant work as a teacher. "Step four of the sequential analysis, at which the ALJ found plaintiff not disabled, is comprised of three phases. In the first phase, the ALJ must evaluate a claimant's physical and mental residual functional capacity (RFC) - [must find to be work activity on a regular and continuing basis]; in the second, he must determine the physical and mental demands of the claimant's past relevant work . . . . In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996)(citing *Henrie v. United States Dep't of Health & Hum.*

5

*Servs.,* 13 F.3d 359, 361 (10th Cir. 1993) and Soc. Sec. Ruling 82-62).

  12. The Plaintiff argues that the ALJ failed to consider the Plaintiff's nonexertional impairments in making his RFC determination.  The Plaintiff asserts that the ALJ did not discuss in his decision the Plaintiff's alleged fatigue and difficulty concentrating.  *See* Tr. 178, 183-85.  In fact, the ALJ engaged in a limited discussion of the Plaintiff's allegation of fatigue.  Tr. 14.  The ALJ observed that the Plaintiff had completed successfully biofeedback/psychotherapy treatment for his sleep disorder, and the Plaintiff "re-iterated that his treatment was successful." *Id*.  Dr. Libo, Ph.D., the administrator of the biofeedback/psychotherapy treatment indicated that the Plaintiff's sleep improved "greatly" and that relaxation techniques helped to bring the tinnitus under control although it is still present.  Tr. 98.  The Plaintiff stated in an affidavit that he improved his breathing techniques by attending Dr. Libo's sessions.  Tr. 142.  The Plaintiff, however, also stated at the administrative hearing that he was sleeping a little better when he spoke with Dr. Libo because of the Christmas break.  Tr. 186. The Plaintiff further stated that his "sleep has gotten progressively worse."  Tr. 180.  He takes a prescribed sleep medication only occasionally because of its addictive properties and it makes him feel groggy in the mornings.  *Id*.; Tr. 188.  The Plaintiff thought that Dr. Libo's report was optimistic.  Tr. 187.  In addition, the Plaintiff testified that the tinnitus causes difficulty concentrating and so he cannot read for long periods of time.  Tr. 185.  Clearly, the ALJ erred by not fully considering the Plaintiff's alleged fatigue and lack of concentration in making his RFC determination.

  13. The Plaintiff also alleges that the ALJ's RFC determination was made in error because the ALJ failed to consider the fact that the Plaintiff cannot work on a regular basis.  An RFC assessment addresses the claimant's ability to work on a "regular and continuous basis," usually

6

eight hours per day, five days a week or some equivalent to that. Soc. Sec. Ruling 96-8p. The evidence of record demonstrates that the Plaintiff works only on a very part-time basis and can choose when he works. Tr. 185. Considering this evidence, the ALJ should have been alerted to specifically address whether the Plaintiff's RFC allows him to work on a full-time basis. The ALJ's failure to do so constitutes error.

14. Next, the Plaintiff argues that the ALJ failed to determine what the demands of Plaintiff's past relevant work as a teacher were. The Plaintiff testified that classroom noise increases his tinnitus and contributes to his feeling of stress and irritability. Tr. 143, 178, 186. The ALJ, however, does not discuss classroom noise or any other demands of teaching. Consequently, the ALJ erred by not determining the demands of the Plaintiff's past relevant work. In sum, I find that this matter should be remanded so that Commissioner can properly consider the Plaintiff's last two years of full-time teaching, Dr. Wayslenki's opinion about early retirement and disability benefits, the Plaintiff's credibility, the Plaintiff's fatigue and lack of concentration, and the demands of the Plaintiff's past relevant work.

## Recommended Disposition

I recommend granting the Plaintiff's Motion to Reverse and Remand for a Rehearing. I also recommend remanding this matter to the Commissioner so that he shall properly consider the Plaintiff's last two years of full-time teaching, Dr. Wayslenki's opinion about early retirement and disability benefits, the Plaintiff's credibility, the Plaintiff's fatigue and lack of concentration, and the demands of the Plaintiff's past relevant work. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file

written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
United States Magistrate Judge